UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA and
ARCHITECTURAL COATINGS, INC.,

    Plaintiffs,

v.                                                  Case No:   6:17-cv-1984-Orl-40TBS

TRAVELERS CASUALTY AND SURETY
COMPANY,

    Defendant.

## ORDER

This case comes before the Court without a hearing on the parties' Joint Motion for Continuance of Time to Complete Mediation, Discovery, and Dispositive, *Daubert*, and *Markman* Motions (Doc. 31).

The relief the parties seek requires modification of the Case Management and Scheduling Order ("CMSO") governing the case (Doc. 19). The CMSO "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's note). "The good cause standard under Rule 16 focuses primarily on the diligence of the party seeking modification of the scheduling order." Dang v. Sheriff of Seminole Cty., Case No. 6:14-cv-37-Orl-31TBS, 2015 U.S. Dist. LEXIS 50946, *3-4 (M.D. Fla. Apr. 16, 2015) (Smith J.). "The burden of establishing good cause / diligence rests squarely on the party seeking relief from the scheduling order." Northstar Marine, Inc. v. Huffman, Case No. 13-

0037-WS-C, 2014 WL 3720537, at *3 (S.D. Ala. July 28, 2014). The parties' motion does not demonstrate the requisite diligence to modify the CMSO.

If the parties had shown the necessary diligence the Court still would not extend the deadline for dispositive motions.[1] As explained in the CMSO, "[m]otions to extend the dispositive motions deadline or to continue the trial are generally denied." (Doc. 19 at 6). And, "[i]n light of the district court's heavy felony trial calendar, at least 4 months are required before trial to receive memoranda in opposition to a motion for summary judgment and to research and resolve the dispositive motion sufficiently in advance of trial." (Id.).

Although good grounds have not been shown, the Court will **GRANT** the motion **in part**, by extending the deadlines to complete all discovery and mediate the case to October 11, 2018. In all other respects, the motion is **DENIED**. This Order may not be cited as grounds to change any other date or deadline in the case. Any discovery obtained after the dispositive motions deadline may not be used for summary judgment purposes.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] The undersigned does not know why Markman would be applicable to this Miller Act case.