**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA and
ARCHITECTURAL COATINGS, INC.,

          Plaintiffs,

v.                                             Case No: 6:17-cv-1984-Orl-40TBS

TRAVELERS CASUALTY AND
SURETY COMPANY,

          Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Stay Proceedings and Incorporated Memorandum of Law (Doc. 24), filed June 15, 2018. On June 28, 2018, Plaintiff responded in opposition. (Doc. 25). Upon consideration, Defendant's motion is due to be denied.

**I.    BACKGROUND**

Plaintiff initiated this suit on November 20, 2017, seeking recovery against Defendant under the Miller Act, alleging that Defendant, as surety, failed to pay Plaintiff for work it completed pursuant to a subcontract for a federal construction project. (Doc 1, ¶ 10). Defendant now moves to stay these proceedings so that it can "pursue and exhaust procedures of the Contract Disputes Act," as provided in the subcontract. (Doc. 24, p. 2). Defendant argues that Plaintiff agreed to utilize these procedures "before commencing any other action for claims it may have arising out of the performance of the work hereunder . . . [and to] stay any action or claim . . . pending complete and final resolution

pursuant to the [Contract Disputes Act] procedures." (*Id.* at p. 3 (quoting Article 17(b) from the subcontract (Doc. 1-2, p. 12))).

## II. DISCUSSION

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Nevertheless, staying a matter is an extraordinary measure that should only be employed to further the ends of justice and the district court should resolve any doubts against issuing a stay. *See Bank of Am., N.A. v. Sullivan*, No. 8:13-CV-385-T-17EAJ, 2013 WL 2285079, at *2 (M.D. Fla. May 23, 2013).

Defendant asks the Court to stay these proceedings pending completion of the procedures of the Contract Disputes Act. (Doc. 24, p. 4). Defendant argues that Plaintiff consented to stay this lawsuit through the terms of subcontract, and that a stay promotes judicial economy and would not prejudice Plaintiff. (*Id.* at p. 6).

The Court finds, however, that these terms of the subcontract do not control the "claim" at issue, and therefore, do not justify the extraordinary measure of staying this litigation. *See Sullivan*, 2013 WL 2285079, at *2. Defendant argues that the Contract Disputes Act language from Article 17(b) applies to Plaintiff's claim. (*Id.*). However, the Court finds that the language from Article 17(b) only applies to "claims" as defined by Article 17(a). (Doc. 1-2, p. 12). Article 17(a) of the Subcontract states that "[t]he Subcontractor agrees to make any claims to the Contractor for damages or additional compensation based on *alleged extra work, changed conditions or any other grounds* in the same manner as provided in the Contract Document . . . ." (*Id.*) (emphasis added). In contrast, Plaintiff's claim is for payment for the complete performance of "the work provided for in the subcontract." (Doc. 1, ¶ 12). Plaintiff has not made claims "for damages

or additional compensation based on alleged work, changed conditions or any other grounds" as contemplated by Article 17(a). (Doc. 1-2, p. 12; Doc 25, p. 3). Therefore, the Court finds that the language from Article 17(b) requiring exhaustion and completion of the procedures from the Contracts Dispute Act does not apply to Plaintiff's claim.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Proceedings and Incorporated Memorandum of Law (Doc. 24) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 15, 2018.

*[signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties